**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X     Docket #: 22-cv-3126 (JCM)

Robert Relyea in his capacity as Administrator
of the Estate of Brendan Relyea,

Plaintiff,

  --against--

James Huestis,

Defendant.

-------------------------------------------------------------X

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into as of this *16th* day of ~~October~~ *November*, 2023 by and between **Robert Relyea in his capacity as Administrator of the Estate of Brendan Relyea,** ("Plaintiff") and **James Huestis** ("Defendant"). The Defendant and Plaintiff are sometimes hereinafter collectively referred to as "the Parties" or individually as "Party."

## I.   RECITALS

A.   The Plaintiff commenced the above captioned action against Defendants. ("Action").

B.   The Defendant filed an Answer to Plaintiff's Complaint asserting counterclaims.

C.   Notwithstanding the allegations and positions of the Parties, the Parties desire to resolve their respective claims on mutually agreeable terms for the purpose of avoiding the burden, expense and uncertainty of litigation.

1

## II.   AGREEMENT

In consideration of the recitals, covenants and conditions contained in this Agreement, and for valuable consideration, the Parties agree as follows:

A.    The Action, and all claims asserted in it, are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in NYSP's Certification of the Proposed Settlement;

B.    In full consideration of Plaintiff's execution of this Settlement Agreement, and the dismissal of the Action with prejudice, and subject to any reservation for payment to Medicare or other liens or setoffs, the State of New York on behalf of Defendant shall pay the gross sum of $73,500, inclusive of attorneys' fees and costs;

C.    A discontinuance of any suit that is currently filed or could be filed in any court, including but not limited to the Court of Claims, in connection with the incident at issue in this action;

D.    For and in consideration of the payment of $73,500 Plaintiff, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges the State of New York, NYSP, and Defendant, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown,

2

discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint and all related filings and proceedings in *Relyea, etc. v. Heustis*, 22 Civ. 3126 (JMC). Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release claims that may arise after Plaintiff executes the Settlement Agreement. Plaintiff does not waive or release claims under New York Military Law, under New York Labor Law §§ 220 to 224, or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in the release prohibits Plaintiff from speaking with law enforcement, the Equal Employment Opportunity Commission, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency;

E.     Payments referenced in the NYSP's Certification of the Proposed Settlement are conditioned upon and subject to the approval of all appropriate state officials in accordance with POL § 17;

F.     This Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except to enforce the provisions of this Stipulation of Settlement and Discontinuance;

G.     Plaintiff represents and warrants that Brendan Relyea was not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional

3

payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

H.     The terms of the Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement; and

I.     The Settlement Agreement shall be publicly filed on the Court docket.

## III.    <u>RELEASE</u>

A.     In consideration for the payments stated herein and the promises and representations made by the Parties herein, the Parties, individually and collectively, their assigns or successors, executors, administrators, officers, directors, partners, shareholders, associates, members, parents, subsidiaries, affiliates, attorneys and agents, if any, forever and irrevocably release and discharge all Parties, from any and all debts, sums of money, accounts, contracts, claims, cause or causes of action, suits, dues, reckoning, bonds, bills, specialties, complaints, covenants, controversies, agreements, demands, obligations, promises, variances, trespasses, damages, judgments, extents, executions, and demands whatsoever of any kind or nature, in law or in equity, which each Party had, now has or hereafter can, shall or may have, including, but not be limited to, any and all claims and causes of action, arising from the causes of action in Plaintiff's Complaint and Defendant's Answer and Counterclaims.

B.     The Parties understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Plaintiff or Defendants of guilt or noncompliance with any statute, order, regulation or

4

signatures hereto may be used with the same force and effect as the original, including for filing purposes. This Agreement shall be deemed fully executed and effective when all Parties have executed at least one of the counterparts, even though no single counterpart bears all such signatures.

    D.    **Modification Only In Writing** – Neither this Agreement nor any provision hereof may be changed, waived, discharged or terminated, except by a subsequently executed instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

    E.    **Admissions** – This Agreement is intended to be in compromise and settlement of disputed and unliquidated claims. Nothing herein shall constitute or be asserted as constituting any admission of liability or wrongdoing by or against any party hereto.

    F.    **Advice of Counsel** – The Parties hereby represent that they have been advised of the effect of this Agreement by their own attorneys, or that they have had the opportunity to consult with an attorney of their choosing, have investigated the facts and are not relying upon any representation or acknowledgment, whether oral or in writing, of any other party hereto except as contained herein. Further, the Parties expressly waive any right to rescind this Agreement.

    **IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement effective on the day and year set forth above.

6

IT IS SO AGREED.

STEPHEN BERGSTEIN, ESQ.
SCOTT A. KORENBAUM, ESQ.
Attorneys for Plaintiff
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250

_____
Stephen Bergstein, Esq.

_____
Scott A. Korenbaum, Esq.
Estate of Brendan Relyea

LAW OFFICES OF PAT BONANNO &
ASSOCIATES, P.C.
Attorneys for Defendant
222 Church Street
Poughkeepsie, NY 12601
(845) 473-0427

By: _____
Thomas M. Gambino, Esq. – Of Counsel

SO ORDERED

_____  11-20-23
Hon. Judith C. McCarthy
United States Magistrate Judge